FILED
FEBRUARY 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1038

JUDGE KENDALL
MAGISTRATE JUDGE BROWN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN MERRITT, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. |
| BARTLETT MANUFACTURING CO., INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Jean Merritt, on behalf of herself and all other persons similarly situated, through her attorneys, for her Complaint against Bartlett Manufacturing Co., Inc. (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff Jean Merritt and other similarly situated employees customarily worked in excess of forty (40) hours per week but were not paid overtime wages at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours per week. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

**THE PARTIES**

2. Plaintiff is a current employee of Defendant, working as a customer service representative, and is employed by Defendant in this judicial district. Plaintiff has been employed by Defendant since approximately April, 1999.

3. During the course of her employment, Plaintiff processed orders for goods that moved in interstate commerce, including circuit boards.

4. Defendant is an Illinois corporation doing business within this judicial district. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A). Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Plaintiff on behalf of herself and all similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 5 of this Complaint, as if fully set forth herein.

6. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated employees for all time they worked for Defendant.

7. Plaintiff worked for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

8. Defendant was Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

10. Plaintiff was directed by Defendant to work, and did work, in excess of forty (40) hours per week.

11. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

12. Defendant did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for time she worked in excess of forty (40) hours in individual workweeks.

13. Defendant's failure to pay Plaintiff overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

14. Defendant's failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

15. Other similarly situated employees have likewise performed non-exempt work for Defendant, but Defendant has failed to pay them overtime wages for work performed in excess of forty (40) hours per week.

16. Defendant willfully violated the Fair Labor Standards Act by refusing to pay

Plaintiff and other non-exempt employees overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

17. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

18. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

19. At all relevant times herein, Defendant was Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

20. During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

4

21. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of forty (40) hours per week.

22. Defendant did not pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of forty (40) hours per week.

23. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

24. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: February 19, 2008

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC #6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Bartlett Manufacturing Co., Inc., or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Jean Marie Merritt_ (print your name)

Signature: _Jean Marie Merritt_

Date on which I signed this Notice: _2/7/08_
(today's date)