**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEAN MERRITT, on behalf of herself and all other persons similarly situated known and unknown, | ) ) ) ) | |
| | ) | 08 C 1038 |
| Plaintiff, | ) | |
| v. | ) ) | Judge Kendall |
| | ) | Magistrate Judge Brown |
| BARTLETT MANUFACTURING CO, INC., | ) ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

Defendant Bartlett Manufacturing Co, Inc. ("Defendant") by and through its attorney, WILLIAM J. PROVENZANO, William J. Provenzano and Associates, LTD., as its answer to Plaintiff's Complaint states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL") for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff Jean Merritt and other similarly situated employees customarily worked in excess of forty (40) hours per week but were not paid overtime wages at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours per week. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collection action under the FLSA is attached hereto as Exhibit A.

ANSWER:  Defendant admits that Plaintiff purports to bring a claim pursuant to the identified statutes. Defendant admits that a copy of Plaintiff's consent form to act as representative is attached to the complaint. Defendant denies the remaining allegations of paragraph 1.

## THE PARTIES

2.  Plaintiff is a current employee of Defendant, working as a customer service representative, and is employed by Defendant in this judicial district.

ANSWER: Defendant admits the allegations of paragraph 2.

3.  During the course of her employment Plaintiff processed orders for goods that moved in interstate commerce, including circuit boards.

ANSWER: Defendant admits the allegations of paragraph 3.

4.  Defendant is an Illinois corporation doing business within this judicial district. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. §203(s)(1)(A). Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

ANSWER: Defendant admits that Defendant is an Illinois corporation doing business within this judicial district. Defendant neither admits nor denies the remaining allegations of paragraph 4 and requires Plaintiff to provide strict proof thereof.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C §1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

ANSWER: Defendant admits the allegations of paragraph 5.

## COUNT I

2

**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Plaintiff on behalf of herself and all similarly situated employees)**

6.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for Defendant's failure and refusal to pay minimum wages to Plaintiff for all time they worked for Defendant.

ANSWER:  Defendant admits that Plaintiff purports to bring an action pursuant to the identified statute.  Defendant denies the remaining allegations of paragraph 6.

7.     Plaintiff worked for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

ANSWER:  Defendant admits that Plaintiff is an employee of Defendant.  Defendant neither admits nor denies the remaining allegations of paragraph 7 and requires Plaintiff to provide strict proof thereof.

8.     Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

ANSWER:  Defendant neither admits nor denies the allegations of paragraph 8 and requires Plaintiff to provide strict proof thereof.

9.     During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

ANSWER:  Defendant neither admits nor denies the allegations of paragraph 9, and requires Plaintiff to provide strict proof thereof.

10.     Plaintiff was directed by Defendant to work, and did work, in excess of forty (40) hours per week.

ANSWER: Defendant denies that Plaintiff was directed by Defendant to work in excess of forty (40) hours per week.  Defendant neither admits nor denies the remaining allegations of

paragraph 10 and requires Plaintiff to provide strict proof thereof.

11. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

ANSWER: Defendant neither admits nor denies the allegations of paragraph 11, and requires Plaintiff to provide strict proof thereof.

12. Defendant did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for time she worked in excess of forty (40) hours in individual workweeks.

ANSWER: Defendant neither admits nor denies the allegations of paragraph 11, and requires Plaintiff to provide strict proof thereof.

13. Defendant's failure to pay Plaintiff overtime for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

ANSWER: Defendant neither admits nor denies the allegations of paragraph 11, and requires Plaintiff to provide strict proof thereof. 1

14. Defendant's failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

ANSWER: Defendant denies the allegations of paragraph 14.

15. Other similarly situated employees have likewise performed non-exempt work for Defendant, but Defendant has failed to pay them overtime wages for work performed in excess of forty (40) hours per week.

ANSWER: Defendant denies the allegations of paragraph 15.

16. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for hours worked in excess of forty (40) hours per

week.

ANSWER: Defendant denies the allegations of paragraph 16.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint.

ANSWER: Defendant's answers to paragraphs 1-16 are incorporated as if fully set forth herein.

17. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

ANSWER: Defendant admits the allegations of paragraph 17.

18. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

ANSWER: Defendant admits that Plaintiff purports to bring a claim pursuant to the identified statutes.

19. At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an "employee" within the meaning of that Act.

ANSWER: Defendant admits the allegations of paragraph 19.

20. During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

ANSWER: Defendant neither admits nor denies the allegations of paragraph 20 and requires

5

Plaintiff to provide strict proof thereof.

21.     Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of forty (40) hours per week.

ANSWER:  Defendant neither admits nor denies the allegations of paragraph 21 and requires Plaintiff to provide strict proof thereof.

22.     Defendant did not pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of forty (40) hours per week.

ANSWER:  Defendant neither admits nor denies the allegations of paragraph 22 and requires Plaintiff to provide strict proof thereof.

23.     Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

ANSWER: Defendant neither admits nor denies the allegations of paragraph 23 and requires Plaintiff to provide strict proof thereof.

24.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

ANSWER:  Defendant neither admits nor denies the allegations of paragraph 21 and requires Plaintiff to provide strict proof thereof.

Each and every allegation of Plaintiff's Complaint not specifically admitted is denied by Defendant.

## **DEFENDANT'S AFFIRMATIVE DEFENSES AS TO COUNT I**

First Affirmative Defense

- Plaintiff fails to state with any specificity the timeframe during which such alleged non-payments of one-half times regular rate of pay occurred.  Defendant, therefore, is unable to prepare their defense or adequately plead to Plaintiff's claims.
- Defendant has received inadequate notice of Plaintiff's claims and said claims should be stricken and dismissed.

Second Affirmative Defense

- Without reference to any period prior to the year 2008, Defendant has paid and presently pays any and all eligible employees who work in excess of forty (40) hours per week a rate equal to one and one-half times their regular rate of pay.

Third Affirmative Defense

- For liquidated damages to be awarded there must have been acts by Defendant based not upon good faith or reasonable grounds.  In view of the lack of willfulness by Defendant to fail to make overtime payments, no liquidated damages are awardable.

Accordingly, Plaintiff's Count I should be stricken and dismissed.

## DEFENDANT'S AFFIRMATIVE DEFENSES AS TO COUNT II

- Plaintiff seeks attorney's fees and litigation expenses incurred due to an alleged violation of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. Illinois law requires that for attorney's fees and costs to be awardable in a wage claim, a written demand for payment not more than the amount actually owed must have been made upon Defendant at least three days before the action was commenced.  Illinois Attorney's Fees in Wage Actions Act, 705 ILCS 225-1.

- No such demand was ever made upon Defendant. Therefore, pursuant to Illinois law, no attorney's fees or costs are recoverable by Plaintiffs.

Accordingly, Plaintiff's demand for attorney's fees and costs should be stricken and dismissed.

### DEFENDANT'S AFFIRMATIVE DEFENSES
### COMMON TO BOTH COUNTS

First Affirmative Defense

- Plaintiff fails to state with any specificity the timeframe during which such alleged non-payments of one-half times regular rate of pay occurred. Defendant, therefore, is unable to prepare their defense or adequately plead to Plaintiffs' claims.

- Defendant has received inadequate notice of Plaintiff's claims and said claims should be stricken and dismissed.

Respectfully submitted,

/s/ William J. Provenzano_____
Attorney for Defendant

William J. Provenzano
WILLIAM J. PROVENZANO AND ASSOCIATES, LTD.
1580 S. Milwaukee Avenue, Suite 520
Libertyville, Illinois 60048
(847) 816-6588
ARDC No. 2259451